## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OMEGA FLEX, INC., | |
| Plaintiff, | Civil Action No. 1:18-01004-MN |
| v. | |
| WARD MANUFACTURING, LLC, | |
| Defendant. | |

## DEFENDANT WARD MANUFACTURING LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR A STAY PENDING A DECISION ON INSTITUTION OF ITS PETITION FOR *INTER PARTES* REVIEW AND A FINAL WRITTEN DECISION

Dated: December 18, 2019

*Of Counsel*

SHOOK, HARDY & BACON L.L.P.

B. Trent Webb (*pro hac vice*)
Patrick A. Lujin (*pro hac vice*)
Thomas M. Patton (*pro hac vice*)
2555 Grand Boulevard
Kansas City, MO 64108
Tel. (816) 474-6550
bwebb@shb.com
plujin@shb.com
tpatton@shb.com

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

I.   BACKGROUND .................................................................................................... 1

II.  LEGAL STANDARDS ....................................................................................... 1

III. ARGUMENTS ................................................................................................... 3

     A.    A Temporary Stay Pending the PTAB's Institution Decision Should Be Granted. ........ 3

          1.   Courts in This District Have Stayed Cases Pending an Institution Decision to Preserve Resources. ........................................................................3

          2.   The Temporary Stay Would Be Brief and Non-Prejudicial....................................4

          3.   Ward's IPR Petition is Likely to Be Granted............................................................4

     B.    The Stay Should Be Continued Pending the PTAB's Final Written Decision. ............. 6

          1.   Simplification Weighs Heavily In Favor of a Stay..................................................7

          2.   Omega Will Not Be Prejudiced. .............................................................................8

          3.   The Stage of the Litigation Favors a Stay...............................................................9

IV. CONCLUSION. .................................................................................................. 9

## TABLE OF AUTHORITIES

**CASES**

*AIP Acquisition LLC v. Level 3 Communs., LLC*,
    No. 12-617-GMS 2014 U.S. Dist. LEXIS 200247 (D. Del. Jan. 9, 2014) ..................................... 1, 2

*Arch Chemicals, Inc. v. Sherwin-Williams Co.*,
    No. 18-2037-LPS, D.I. 48 (D. Del. Nov. 5, 2019) ...................................................................... 3, 4

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
    No. 12-cv-1107(GMS), 2014 U.S. Dist. LEXIS 47430, 2014 WL 1369721 ..................... 2, 5, 6, 8, 9

*British Telecomms. PLC v. IAC/InterActiveCorp*,
    2019 U.S. Dist. LEXIS 166651, 2019 WL 4740156 (D. Del. Sept. 27, 2019) .............................. 8

*Canatelo LLC v. AXIS Communs. AB*,
    2014 U.S. Dist. LEXIS 161801 (D. Del. May 14, 2014) ............................................................... 5

*Destination Maternity Corp. v. Target Corp.*,
    12 F. Supp. 3d 762, 766, 2014 U.S. Dist. LEXIS 38148 (E.D. Penn. March 24, 2014) ............... 8

*DSS Tech. Management, Inc. v. Apple Inc.*,
    No. 14-cv-05330-HSG, 2015 U.S. Dist. LEXIS 57704 (N.D. Cal. May 1, 2015) ........................... 4

*Ethicon, LLC v. Intuitive Surgical, Inc.*,
    No. 17-871-LPS, 2019 U.S. Dist. LEXIS 45452 (D. Del. March 20, 2019) ................................. 2, 7

*Evolutionary Intelligence LLC v. Yelp Inc.*,
    No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547 (N.D. Cal. Dec. 18, 2013) ........................ 5

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 18-452-WCB, 2019 U.S. Dist. LEXIS 141545 (D. Del. Aug. 21, 2019) ............................... 2, 9

*Neste Oil OJY v. Dynamic Fuels, LLC*,
    No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013) ...................................... 4

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*,
    No. 12-1461-LPS-CJB, 2014 U.S. Dist. LEXIS 61555 (D. Del. Jan. 15, 2014) ........................... 3, 7

*SAS Inst., Inc. v. Iancu*,
    138 S. Ct. 1348 (2018) ................................................................................................................. 2

*Thermo Fisher Sci. Inc. v. Agilent Techs., Inc.*,
    C.A. No. 17-600-LPS-CJB, D.I. 164 (D. Del. June 29, 2018) ....................................................... 7

**OTHER AUTHORITIES**

77 Fed. Reg. at 48757 ................................................................................................................1

Ward Manufacturing, LLC ("Ward") requests that the Court: (1) temporarily stay this action pending a decision by the Patent Trial and Appeal Board on Ward's Petition for *inter partes* review of U.S. Patent No. 7,004,510 ("the '510 patent"); and (2) upon institution of Ward's IPR Petition, stay this action pending the PTAB's final written decision in the IPR proceeding.

## I.   BACKGROUND

Omega Flex, Inc. ("Omega") filed a Complaint alleging patent infringement by Ward on July 6, 2018.  (D.I. 1). Omega served its Complaint on Ward on July 24, 2018. (D.I. 6).  The Court issued its claim construction Order on July 19, 2019.  (D.I. 69).  On July 22, 2019, Ward timely filed a Petition for *inter partes* review ("IPR") of the '510 patent (IPR2019-01356) challenging all claims that Omega had asserted up to that point in time. *See* Decl. of Patrick A. Lujin in Support of Defendant Ward Manufacturing LLC's Opening Brief ("Lujin Decl.")[1] at Ex. A. Shortly thereafter on August 30, 2019, Omega asserted dependent claim 14 for the first time. *See* Lujin Decl. at ¶¶ 3-4 (citing Exs. B and C). Fact discovery is currently set to close on January 15, 2020, and opening expert reports are currently due on January 31, 2020. (D.I. 94). The PTAB's deadline to issue an institution decision on Ward's IPR petition is February 12, 2020 (i.e., within three months of Patent Owner's Preliminary Response, dated November 8, 2019). *See* Trial Practice Guide, 77 Fed. Reg. at 48757; Lujin Decl. at Ex. E.

## II.  LEGAL STANDARDS

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'" *AIP Acquisition LLC v. Level 3 Communs., LLC*, No. 12-617-GMS 2014 U.S. Dist. LEXIS 200247, *4-5 (D. Del. Jan. 9, 2014) quoting *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir.

---

[1] The Lujin Declaration is submitted contemporaneously with this brief.

1985)).  "[T]his authority extends to patent cases in which a PTO review has been requested." *AIP Acquisition*, *4-5 (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). "Sometimes courts also consider whether the moving party would face hardship or inequity in going forward with the litigation." *Ethicon, LLC v. Intuitive Surgical, Inc.*, No. 17-871-LPS, 2019 U.S. Dist. LEXIS 45452, at *4 (D. Del. March 20, 2019) (citing *Enhanced Sec. Research, LLC v. Cisco Sys., Inc*., No. 09-571-JJF, 2010 U.S. Dist. LEXIS 63789, 2010 WL 2573925, at *3 (D. Del. June 25, 2010)).  "[T]he IPR proceeding may produce additional prosecution history that could assist the Court in addressing the issues of claim construction and validity." *IOENGINE, LLC v. PayPal Holdings, Inc*., No. 18-452-WCB, 2019 U.S. Dist. LEXIS 141545, *33-34 (D. Del. Aug. 21, 2019) (citing *Ethicon*, 2019 U.S. Dist. LEXIS 45452, at *4).

"To determine whether staying a case is appropriate, the court balances the following three factors: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and [a] trial date has been set.'"  *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc*., No. 12-cv-1107(GMS), 2014 U.S. Dist. LEXIS 47430, *7-8, 2014 WL 1369721 (quoting *Bayer Intellectual Prop. GmbH v. Warner Chilcott Co*., No. 12-1032-GMS, 2013 U.S. Dist. LEXIS 172735, at *3-4 (D. Del. Dec. 9, 2013) (quoting *First Am. Title Ins. Co. v. MacLaren LLC*, No. 10-363-GMS, 2012 U.S. Dist. LEXIS 31508, at *4 (D. Del. Mar. 9, 2012))).  "[T]he 'liberal policy' in favor of stays in CBM cases also applies to stays pending instituted IPR proceedings." *IOENGINE,* 2019 U.S. Dist. LEXIS 141545, *11.  Additionally, "the arguments for a stay pending institution and/or completion of an IPR have been strengthened by recent changes in the law: namely, institution must be on all or none of the claims on which IPR is sought (*see SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354-55 (2018)) and claim construction undertaken by the Patent Trial and Appeal

Board ('PTAB') is now conducted according to the same legal standards this Court must apply." *See* Lujin Decl. at Ex. D (*Arch Chemicals, Inc. v. Sherwin-Williams Co*., No. 18-2037-LPS, D.I. 48 (D. Del. Nov. 5, 2019)).

## III. ARGUMENTS

Ward respectfully requests the Court (1) temporarily stay this action pending the PTAB's imminent institution decision regarding Ward's IPR Petition for the '510 patent; and in addition (or in the alternative) (2) upon institution of Ward's IPR Petition, stay this action pending the PTAB's final written decision in the IPR proceeding. Both the temporary stay pending the PTAB's imminent institution decision (which will occur no later than February 12, 2020) and the stay during the pendency of the likely IPR proceeding are appropriate here at least because the stays would **not** unduly prejudice Omega, would conserve judicial resources and simplify the issues in this case, and would halt costly and likely needless discovery in a relatively low-dollar-value case. Indeed, Courts in this District have previously granted stay motions under similar circumstances.

### A.    A Temporary Stay Pending the PTAB's Institution Decision Should Be Granted.

Ward's motion for a stay pending the PTAB's IPR institution decision should be granted, because (1) Courts in this District have previously granted temporary stays when institution decisions are imminent, (2) the temporary stay would be brief and non-prejudicial, and (3) the PTAB will likely institute Ward's IPR Petition.

#### 1.    *Courts in This District Have Stayed Cases Pending an Institution Decision to Preserve Resources.*

Courts in this District have granted stays pending a decision by the PTAB to institute IPR proceedings. *See, e.g.*, Lujin Decl. at Ex. D (*Arch Chemicals,* No. 18-2037-LPS, D.I. 48); *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc*., No. 12-1461-LPS-CJB, 2014 U.S. Dist. LEXIS

61555, *22 (D. Del. Jan. 15, 2014) ("Defendants' motions to stay pending inter partes review by the PTO (D.I. 66; Ubisoft Action, D.I. 42) are GRANTED… the parties shall timely advise the Court of the PTO's decision as to whether to grant review of the '129 Patent."); *Neste Oil OJY v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, *13 (D. Del. July 2, 2013). Courts use their inherent authority to grant stays pending IPR institution decisions to preserve resources, to avoid inconsistent results, and to promote efficiency.

### 2.    *The Temporary Stay Would Be Brief and Non-Prejudicial.*

Next, Ward's motion for a temporary stay pending the PTAB's IPR institution decision should be granted because the temporary stay would be brief and non-prejudicial. The PTAB is likely to rule on Ward's IPR Petition in January 2020, and must do so by February 12, 2020. Thus, whether or not an IPR proceeding is ultimately instituted, any stay pending the PTAB's institution decision will be temporary and of very short duration. *See* Lujin Decl. at Ex. D (*Arch Chemicals,* No. 18-2037-LPS, D.I. 48 ("Finally, an institution decision is due by February 2020, so if the PTAB denies institution on both petitions the stay will be of short duration.")). Indeed, with the PTAB's institution decision due by February 12, 2020, the temporary stay will at most last about one month. Moreover, a temporary stay will save substantial resources relating to significant and costly discovery. *See DSS Tech. Management, Inc. v. Apple Inc.,* No. 14-cv-05330-HSG, 2015 U.S. Dist. LEXIS 57704, *10 (N.D. Cal. May 1, 2015) ("The Court finds that staying the case for two months pending the PTO's decision whether to institute IPR is the most efficient use of resources at this juncture."). Additionally, a temporary stay of such a short duration will not unduly prejudice Omega.

### 3.    *Ward's IPR Petition is Likely to Be Granted.*

The facts here also favor granting a temporary stay pending the imminent IPR institution decision because the PTAB is likely to grant Ward's IPR Petition based on the PTAB's own data and Omega's arguments and contradictory positions. But even if the PTAB denies Ward's Petition, it will

still issue a decision regarding asserted claims in this case with respect to prior art references. *See Canatelo LLC v. AXIS Communs. AB*, 2014 U.S. Dist. LEXIS 161801, *3-5 (D. Del. May 14, 2014) (The PTAB has not yet granted the defendants' petitions, but statistics indicate that it is very likely the PTAB will grant the IPR petitions… Should the claims survive the IPR process, the court will still benefit from the PTAB's expertise.").

The Patent Office has released institution data from September 16, 2012 (the beginning of IPR Petitions) through March 31, 2019 showing the high likelihood that an IPR will be instituted.[2] Nearly twice as many petitions were instituted (5,133) than were denied (2,568). *Id.* at 10. And some or all instituted claims were deemed unpatentable by the PTAB in 81% of cases. *Id.* These statistics strongly favor a temporary stay.

Additionally, Omega's Preliminary Response to Ward's IPR Petition shows that IPR institution is likely. For example, Omega's lead argument in its Preliminary Response ignores the merits of whether the '510 patent claims are unpatentable in light of the prior art references cited in Ward's IPR Petition. *See* Lujin Decl. at Ex. E. Instead, Omega's Preliminary Response requests extraordinary relief from the PTAB (*i.e.,* that Ward's IPR Petition should effectively be time-barred— even though Omega admits that Ward's Petition was timely filed in advance of the 1-year statutory deadline). *Id.* at 9-15. Courts have found no delay or dilatory tactic involved where a defendant "filed its request for IPR exactly one year after Plaintiff served the complaint[.]" *Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547, *28 (N.D. Cal. Dec. 18, 2013) ("Yelp was entitled to do so under 35 U.S.C. § 316(b)… just as Plaintiff was entitled to institute this litigation under federal patent law"); *see also Bonutti Skeletal Innovations, L.L.C. v. Zimmer*

---

[2]    *See* https://www.uspto.gov/sites/default/files/documents/trial_statistics_mar_2019.pdf (last visited Dec. 17, 2019), including IPRs, Covered Business Method (CBM), and Post Grant Reviews (PGR).

*Holdings, Inc.*, 2014 U.S. Dist. LEXIS 47430, *9-12, 2014 WL 1369721 (D. Del. April 7, 2014) ("Bonutti argues that the Defendants' IPR petitions are dilatory tactics because the Defendants filed the IPR petitions 'almost a year after service of the complaints, months after the Court's Rule 16 scheduling conference, and immediately prior to the statutory deadline for filing an IPR petition.'… Bonutti's own contribution to the timing of the Defendants' IPR petitions also leads the court to conclude that the Defendants' petitions and stay requests were timely filed."). The PTAB will likely reject Omega's lead IPR argument.

And once Omega did attempt to substantively address Ward's cited prior art 17 pages into Omega's 29-page Response, Omega's complaints regarding the prior art are in conflict with its infringement allegations in this Court. *See, e.g.*, Lujin Decl., Ex. F (Omega's Sept. 6, 2019 Amended Final Infringement Contentions, Ex. A at 4 (identifying Ward's X-profile O-ring seal as a "black rubber component" that purportedly forms the claimed "interior threads")); *See,* Lujin Decl., Ex. E (Omega's IPR Preliminary Response at 17-19 (arguing the prior art "watertight washer," which is also a seal, is *not* the claimed "interior threads")). Thus, a temporary stay is appropriate here because the PTAB is likely to grant Ward's IPR Petition based on the PTAB's own data and Omega's unpersuasive and contradictory positions.

### B.    The Stay Should Be Continued Pending the PTAB's Final Written Decision.

Additionally, and in the alternative, Ward's motion to stay this action pending the PTAB's final written decision in the IPR proceeding following the PTAB's institution of Ward's IPR Petition should be granted. Indeed, all three factors that Courts consider weigh in favor of a stay: (1) a stay will simplify the issues in question and trial of the case; (2) a stay would not unduly prejudice or present a clear tactical disadvantage to Omega; and (3) the stage of the litigation favors a stay.

### 1.    *Simplification Weighs Heavily In Favor of a Stay.*

Simplification is likely and would be substantial: (1) all but one of the asserted claims in this action are being challenged in Ward's IPR Petition, and that single difference is solely due to Omega's post-Petition actions; (2) the PTAB will rule on Ward's prior-art based invalidity grounds in its institution decision and, if instituted, also in its final written decision; (3) upon issuance of the PTAB's final written decision, there will be estoppel of defenses Ward could otherwise litigate in the district court; (4) the prosecution history of the '510 patent will be supplemented (and in fact has already been supplemented, as noted above and below); and (5) some or all of the challenged claims could be found unpatentable. *See*, *e.g.*, *Ethicon LLC v. Intuitive Surgical, Inc*., 2019 U.S. Dist. LEXIS 45452, *4 (D. Del. March 20, 2019) ("[T]here will be estoppel of defenses that could otherwise be litigated in this court. There will be additional prosecution history relating to all of the claims in this case. Some claims may be cancelled. There may be amendments." (citing *Thermo Fisher Sci. Inc. v. Agilent Techs., Inc*., C.A. No. 17-600-LPS-CJB, D.I. 164 at 23 (D. Del. June 29, 2018)).

The only asserted claim of the '510 patent that is not being challenged before the PTAB is dependent claim 14, which Omega strategically asserted for the first time *after* Ward filed its IPR Petition. (*See* Lujin Decl. at ¶¶ 3-4; *see also infra* Section III.B.2, regarding prejudice). This minor difference does not outweigh the undeniable and substantial simplification that would occur in this case due to the IPR proceeding, including because the PTAB will rule on Ward's prior-art based invalidity grounds. *Princeton Digital*, 2014 U.S. Dist. LEXIS 61555, *9-10 ("Ubisoft has convinced the PTAB to institute the second IPR proceeding as to **nearly all claims** of the patent… If the 'simplification of issues' factor 'slightly' favored the grant of a stay at the time of the Court's prior Order (when review was being sought as to 17 of 23 claims), *see Princeton Digital Image Corp*., 2014 U.S. Dist. LEXIS 61555, 2014 WL 3819458, at *3, it does so even more strongly now, as review has actually been granted as to **all but three claims**." (emphasis added)).

7

The prosecution history of the '510 patent has already developed further due to Omega's statements to the PTAB in response to Ward's Petition. *See* Lujin Decl. at Ex. E (Omega's IPR Preliminary Response at 17-29).  This "additional prosecution history" from an IPR can assist the Court with invalidity positions raised in this case, if the claims survive.  *British Telecomms. PLC v. IAC/InterActiveCorp*, 2019 U.S. Dist. LEXIS 166651, *23, 2019 WL 4740156 (D. Del. Sept. 27, 2019).  "[A] court may decide to grant a motion to stay in order to avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply to avoid the needless waste of judicial resources[.]"  *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766, 2014 U.S. Dist. LEXIS 38148, *6 (E.D. Penn. March 24, 2014) (citation omitted).  The significant work ahead in this case (*e.g.*, expert discovery, dispositive motions, pre-trial, trial) may be reduced or effectively eliminated by the proceedings before the PTAB, and in any event this case would be informed and streamlined by the IPR proceedings.

### 2. *Omega Will Not Be Prejudiced.*

Omega will not be prejudiced by a stay pending PTAB's final written decision, which will be temporary and non-prejudicial.  Omega claims that Ward's allegedly infringing activities reach back to the launch of Ward's accused product in 2017.  Yet Omega waited to file this lawsuit until July 2018, waited 18 days to serve Ward with the complaint, and did not move for a preliminary injunction. Omega's delay in bringing suit, in serving the complaint, and in failing to seek a preliminary injunction confirms that Omega can wait for the PTAB to weigh-in on the patentability of the '510 patent's claims without prejudice.

In this case, Ward understandably filed its Petition after waiting to receive certain information from Omega, including its claim construction positions, to conserve resources and tailor its arguments to the PTAB.  And Omega should not benefit from its own delay in asserting dependent claim 14. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, 2014 U.S. Dist. LEXIS 47430,

*19-21, 2014 WL 1369721 (D. Del. April 7, 2014).  In *Bonutti*, the plaintiff did not clearly state which claims it intended to assert, and the defendant's "use of the year-long period to attempt to determine exactly which claims Bonutti would ultimately assert was reasonable."  *Id*.

There is no evidence of any undue delay or prejudice.  Ward had a reasonable basis for filing its Petition within the statutory time period, and Ward did not prejudicially delay in requesting a stay (in fact Omega may argue Ward's instant motion is premature).  This factor weighs in favor of a stay.

### 3.   *The Stage of the Litigation Favors a Stay.*

The bulk of the work and expense to the Parties, and work by the Court, is yet to come in this case (*e.g.,* expert discovery, dispositive motions, pre-trial, trial).  Indeed, the Parties have not yet completed fact discovery (so far, the Parties have noticed five fact witness depositions for January 2020), nor begun expert discovery.  *See* (D.I.  94). The schedule has recently changed to extend the close of fact discovery and to extend the deadline for expert reports.  *Id*.  And the Parties have agreed to conduct at least one fact witness deposition *after* the current close of fact discovery.  *See* (D.I. 100).  Courts deny stays in view of the expected work to come.  See *IOENGINE*, 2019 U.S. Dist. LEXIS 141545, *15-16 ("[T]he Court believes that 'denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in the simplification of further court proceedings.'") (quoting *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-cv-1058, 2015 U.S. Dist. LEXIS 29573, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015)). This factor also weighs in favor of a stay.

## IV. CONCLUSION.

In the interest of judicial economy, this case should be stayed pending the PTAB's upcoming ruling(s) on Ward's timely-filed Petition for IPR.  The Parties and the Court will conserve substantial resources if a stay is granted, and will also benefit from the record before the PTAB.  Ward further requests that the Court stay this action throughout the period of the IPR once instituted.  If the Court

9

denies Ward's request for a temporary stay pending the PTAB's upcoming institution decision or Ward's request for stay during the IPR, Ward requests such denial be without prejudice to renewal upon institution of Ward's IPR petition by the PTAB.


Dated: December 18, 2019

                         PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

                         */s/ John C. Phillips, Jr.*_____
                         John C. Phillips, Jr. (#110)
                         Megan C. Haney (#5016)
                         1200 North Broom Street
                         Wilmington, DE 19806
                         Tel: (302) 655-4200
                         jcp@pgmhlaw.com
                         mch@pgmhlaw.com

                         B. Trent Webb (*pro hac vice*)
                         Patrick A. Lujin (*pro hac vice*)
                         Thomas M. Patton (*pro hac vice*)
                         SHOOK, HARDY & BACON L.L.P.
                         2555 Grand Boulevard
                         Kansas City, MO 64108
                         Tel. (816) 474-6550
                         bwebb@shb.com
                         plujin@shb.com
                         tpatton@shb.com

                         *Attorneys for Defendant*